Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7429 | **DATE** | 3/8/2002 |
| **CASE TITLE** | Presto, et al. vs. State of Illinois, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to dismiss [17-1] is granted. Plaintiffs are to file an amended complaint by 3/27/02. Status hearing is set for 5/21/02 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 3 number of notices | **Document Number** |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | 3/8/02 date docketed | 36 |
| | Notified counsel by telephone. | docketing deputy initials | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | 3/8/2002 date mailed notice | |
| | Copy to judge/magistrate judge. | | |
| MD courtroom deputy's initials | | Date/time received in central Clerk's Office | MD mailing deputy initials |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DONNA PRESTO, DIANA LEFEBVRE, and VIRGINIA MOUTON | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 00 C 7429 ) |
| STATE OF ILLINOIS DEPARTMENT OF HUMAN SERVICES, and DENNIS BAILEY, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Presently before the court is defendant State of Illinois Department of Human Service's motion to dismiss portions of plaintiffs' First Amended Complaint, specifically claims of sexual harassment by plaintiff Donna Presto (Count I) and plaintiff Virginia Mouton (Count V) based on conduct that occurred outside the 300-day limitations period applicable to actions under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. Count I and Count V, respectively, allege conduct both within and outside of the limitations period, and the court has already determined that the conduct within the limitations period states a claim (*see* Mem. Op. and Order, 4/26/01, at 4). Therefore, the court construes defendant's motion as a motion to dismiss and/or strike those allegations within each count relating to conduct outside the limitations period.

Defendant raised the statute of limitations argument in its motion to dismiss the original complaint, but this court did not specifically decide the issue. Instead, the court noted that because there "*may* be an issue of fact as to when a plaintiff had reason to know that the work

environment was hostile, it is *not likely* to be appropriate to dismiss or strike the allegations at the pleading stage" (referring to the "continuing violation" theory) and that even if a plaintiff is barred from seeking relief based on the allegations, they may provide "relevant background evidence." (*Id.* at 6-7) (emphases added) (citing *Parkins v. Civil Constructors of Illinois, Inc.*, 163 F.3d 1027, 1036 n. 2 (7th Cir. 1998) ("Any act occurring outside the filing period 'may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue, but separately considered, it is merely an unfortunate event in history which has no present legal consequences.'")). The court instructed plaintiffs, in amending the complaint, "to assess these factors in determining whether they can in good faith allege acts occurring more than 300 days before they filed their charges." (*Id.* at 7.)

The First Amended Complaint is nearly identical to plaintiffs' original complaint, thus the court must now take up the question left unanswered in its prior opinion regarding conduct alleged prior to the limitations period. Notwithstanding the generous notice pleading rules of the Federal Rules of Civil Procedure, "if a plaintiff pleads facts that show [her] suit is barred by a statute of limitations, [she] may plead [herself] out of court under a Rule 12(b)(6) analysis." *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995); *see also Bullington v. United Airlines, Inc.*, 186 F.3d 1301, 1310 n.3 (10th Cir. 1999) (same). As a general matter, the continuing violation doctrine allows a plaintiff to obtain relief for a time-barred act by linking it with an act within the limitations period and the court treats the combination of acts as one continuous act that ends within the limitations period. *Garrison v. Burke*, 165 F.3d 565, 569 (7th Cir. 1999); *Hardin v. S.C. Johnson & Son, Inc.*, 167 F.3d 340, 344 (7th Cir. 1999). "[T]he various acts must be reasonably close to each other, in time and circumstances" since those

discrete in time and circumstances do not reinforce one another nor are they reasonably linked into a single chain. *Garrison*, 165 F.3d at 570. Moreover, in a sexual harassment case, the continuing violation doctrine comes into play "only when the plaintiff was reasonable not to perceive her working conditions as intolerable until the acts of harassment had, through repetition or cumulation, reached the requisite level of severity," *DeClue v. Cent. Illinois Light Co.*, 223 F.3d 434, 435 (7th Cir. 2000), for example, where a plaintiff could "*only tell by hindsight* that the untimely acts represented the early stages of harassment," *Garrison*, 165 F.3d at 570, or where, after the initial incident of discrimination, "a plaintiff does not feel 'sufficient distress to . . . mak[e] a federal case.'" *Hardin*, 167 F.3d at 344.[1]

Defendant does not argue that plaintiffs' allegations fail to allege recurring acts of the same general nature but, rather, argues that the allegations of the First Amended Complaint show that Presto and Mouton knew or should have known of their sexual harassment claims before the statute of limitations ran on their claims. Presto filed her charge of discrimination with the Illinois Department of Human Rights and Equal Employment Opportunity Commission on November 4, 1999, which means that she cannot recover for any acts outside of the 300-day limitations period, or before January 7, 1999, unless it would not have been reasonable for her to have known of her claim until then. Defendant argues that the complaint shows Presto knew or

---

[1] There are two other "continuing violation" theories recognized by the Seventh Circuit in discrimination cases. *See Selan v. Kiley*, 969 F.2d 560, 565 (7th Cir. 1992). Plaintiffs do not contend that either of these apply and the court finds they do not. The first is in cases that involve "hiring or promotion practices, where the employer's decision-making process takes place over a period of time, making it difficult to pinpoint the exact day the 'violation' occurred." *Id.* at 565. No decision-making process is at issue here. The second is in cases where the employer has an "express, openly espoused policy that is alleged to be discriminatory." *Id.* Although plaintiffs allege that Bailey's conduct was "on a daily basis in an open and notorious manner" (*e.g.*, First Am. Compl. ¶ 112), courts generally apply this theory to an explicit, widely-disseminated discriminatory personnel policy, *see Jones v. Merchants Nat'l Bank & Trust Co.*, 42 F.3d 1054, 1058 (7th Cir. 1994); *Powell v. City of Chicago*, 94 F. Supp. 2d 942, 945 (N.D. Ill. 2000), which plaintiffs have not alleged.

should have known of her claims long before this, since she alleges that Bailey "previously engaged in similar sexually harassing conduct toward Presto during 1996 and 1997," that she "reported his conduct to Lewis Volpe, night administrator in 1997," and the "similar" conduct refers to a number of allegedly egregious incidents that occurred from July, 1999 through August, 1999 (within the limitations period). (First Am. Compl. ¶¶ 31-32.) Therefore, defendant contends, Presto should not be permitted to recover for the prior alleged incidents.

The court concludes that reading the allegations in a light most favorable to Presto, it would be objectively unreasonable for her not to have discovered her claim before January 7, 1999. Because she does not specifically identify the prior conduct, which occurred during 1996 and 1997 and continuing,[2] but merely likens it to that from July, 1999 to August, 1999 (conduct described in paragraphs 20-29 of the First Amended Complaint), the court focuses on this conduct. Without repeating verbatim the nature of the conduct alleged, suffice it to say, some of the conduct standing alone would have risen to the requisite severity for which a plaintiff should reasonably have realized she could sue, such as Bailey's licking Presto's ankles and legs. (*See* First Am. Compl. ¶¶ 27, 29.) Indeed, most of the conduct alleged involved some sort of unwanted physical touching. (*Id.* ¶¶ 21, 23-24, 26, 27, 29.) The other described instances involved sexually-charged comments (*id.* ¶¶ 22, 28) which, if persisting over an extended period of time as alleged, would be severe enough to rise to the level of sexual harassment (certainly before 1999). That she complained indicates she may even have had actual knowledge of her claim as early as 1997. *See Hardin*, 167 F.3d at 344 ("Where a pattern of harassment spreads out

---

[2]She alleges that after she complained in 1997, Bailey's conduct "continued" because defendants failed to take appropriate remedial action. (First Am. Compl. ¶ 33.)

4

over years, and it is evident long before the plaintiff sues that she was a victim of harassment, she 'cannot reach back and base her suit on conduct that occurred outside the statute of limitations.'"). Therefore, because a reasonable person in Presto's shoes would have realized that she had a claim prior to the running of statute of limitations in this case, Presto cannot base her claim of sexual harassment upon conduct occurring prior to January 7, 1999.

Mouton filed her charge of discrimination with the Illinois Department of Human Rights and Equal Employment Opportunity Commission on November 1, 1999, which means that she cannot recover for any acts outside of the 300-day limitations period, or before January 4, 1999, unless it would not have been reasonable for her to have known of her claim until then. Defendant argues that Mouton's allegations that she was subjected to "persistent sexual harassment" by Bailey "starting in the fall or winter of 1995 and continuing until August of 1999," most of which is of an admittedly unwanted physical nature (ranging from kissing to touching his penis until he ejaculated) (First Am. Compl. ¶¶ 95-106), indicate that she knew or should have known that the conduct was grossly improper and that she had a claim. The court agrees. Reading the allegations in the light most favorable to Mouton, the court comes to only one conclusion. The conduct alleged (and frequency of it) is of such a severe nature it would be objectively unreasonable for her not to realize she had a claim. *See Garrison*, 165 F.3d at 570 (Incidents were of such a serious character that "any reasonable person in [her] situation would have realized [she] had a substantial claim under the law[.]"); *Finnane v. Pentel of Am., Ltd.*, 43 F. Supp. 2d 891, 897-98 (N.D. Ill. 1999) (dismissing and striking inactionable allegations). Thus, Mouton cannot base her claim of sexual harassment upon conduct occurring prior to the 300-day limitations period, or January 4, 1999.

Indeed, contrary to some of the cases relied on by plaintiffs, plaintiffs do not argue that they only realized the nature of the conduct as harassing as a result of the conduct within the limitations period, or that the prior conduct was not sufficiently severe to prompt such recognition.[3] Instead, plaintiffs merely argue that they "have alleged facts occurring within the limitations period which, standing alone, amount to sexual harassment" and that defendant's motion should be denied because plaintiffs have alleged a continuing violation based on the fact that the otherwise time-barred conduct "can be linked to the allegations that occur within the limitations period" and "the charge was filed within 300 days of the last act of discrimination." (Resp. at 4-5.) However, as just discussed, the continuing violation doctrine employs the discovery rule, which defeats plaintiffs' reliance on the continuing violation doctrine in this case.[4]

---

[3] *Standefer* v. *River Oaks Toyota, Inc.*, No. 00 C 1209, 2000 WL 1230490, *4 (N.D. Ill. Aug. 25, 2000) (Plaintiff had adequately alleged a continuing violation because it was reasonable to infer that the incident that occurred within the 300-day period "was insufficient in itself to distress [plaintiff] to the point of taking legal action."); *Faccio-Robert* v. *Empress River Casino*, 80 F. Supp. 2d 918, 920-21 (N.D. Ill. 2000) (finding continuing violation doctrine applicable because prior conduct could only be recognized as actionable in light of later events that occurred within the limitations period).

[4] The only thing that distinguishes plaintiffs' allegations of prior conduct from other cases that dismissed allegations outside the limitations period is that the plaintiffs in those cases had explicitly identified the nature of the prior conduct. *See Finnane*, 43 F. Supp. 2d at 898; *Conway* v. *Cook County*, No. 98 C 5324, 1999 WL 14497 (N.D. Ill. Jan. 8, 1999). Here, by contrast, plaintiffs do not specifically set forth the nature of the conduct that occurred outside the limitations period, but only state, with respect to Presto, that "similar" conduct occurred during 1996-97 and, with respect to Mouton, that from 1995 forward she was subjected to "persistent sexual harassment." One case cited by plaintiffs denied a motion to dismiss where the plaintiff had alleged "numerous unspecified sexual advances" both within and outside the statute of limitations, *Dirksen* v. *City of Springfield*, 842 F. Supp. 1117 (C.D. Ill. 1994), but not only did that court not address the awareness issue, which this court cannot ignore especially after *Galloway*, which was decided after *Dirksen, see Garrison*, 165 F.3d at 569 ("In *Galloway* . . . we placed limitations on the circumstances in which acts of sexual harassment may be linked together to defeat the statute of limitations."), but in the instant case, the court specifically instructed plaintiffs to pay particular attention to the continuing violation issue in re-pleading. Therefore, to allow them to seek recovery on the past acts as alleged would permit an end-run around the limitations period.

Alternatively, plaintiffs argue that the allegations should remain in the complaint to provide background and because evidence of the continuing, egregious prior acts will be crucial to establishing defendant's notice of the harassment to defeat its affirmative defense (not yet raised) under *Faragher/Ellerth*,[5] which permits an employer to escape liability if it proves that it exercised reasonable care to prevent harassment and that plaintiffs unreasonably failed to utilize its complaint mechanism. The court agrees that prior conduct that is not actionable may be relevant for other purposes. *E.g., Mathewson v. Nat'l Automatic Tool Co., Inc.*, 807 F.2d 87, 91 (7th Cir. 1986) ("[E]arlier discriminatory conduct by an employer that is time-barred is nevertheless entirely appropriate evidence to help prove a timely claim based on subsequent discriminatory conduct by the employer.") (*citing, inter alia, United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977)); *Johnson v. Jewel Food Stores, Inc.*, No. 98 C 4440, 2001 WL 111237, *9 and n.15 (N.D. Ill. Feb. 8, 2001) (Gottschall, J.) ("[E]vidence of alleged harassment and complaints that occurred outside the limitations period may be relevant to show [the employer's] liability for harassment within the limitations period if it shows that [the employer] had notice of the sexual harassment but did not take reasonable steps to prevent it."). However, striking the allegations of prior conduct from the complaint will not bar plaintiffs from developing and presenting such evidence. Therefore, the court strikes from the complaint those allegations based on prior conduct.[6] *Accord Finnane*, 43 F. Supp. 2d at 898 (Time-barred incidents cannot form the basis of a claim and are thus properly stricken from the complaint and

---

[5]See this court's prior opinion for the law on this defense.

[6]The allegations involving prior conduct include ¶¶ 31-32, 68-69, 95, 107-08. They also include ¶¶ 33, 70, 109 to the extent based on the prior conduct.

7

"[w]hether any incidents are admissible at trial is an evidentiary matter to be determined later."); *Conway* v. *Cook County*, No. 98 C 5324, 1999 WL 14497, *6 (N.D. Ill. Jan. 8, 1999) (Striking time-barred allegations even though they could be "properly considered to show the employer knew of or condoned the misconduct" reasoning that excluding them "from the complaint does not necessarily preclude [her] from offering past conduct evidence at trial" assuming it is admissible under the Federal Rules of Evidence).

## CONCLUSION

Accordingly, the court grants defendant's motion to dismiss [#17]. Plaintiffs are to file an amended complaint by March 27, 2002.

ENTER: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: March 8, 2002